UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80963-CIV-MARRA/JOHNSON

BRECKENRIDGE PHARMACEUTICAL,
INC.
    Plaintiff
vs.

KV PHARMACEUTICAL COMPANY,
THER-RX CORPORATION, and
ALBION INTERNATIONAL, INC.

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Missouri [DE 23 & 24] and Request for Oral Argument [DE 26]. The Court has carefully considered the motion, response, reply, Plaintiff's Notice of Supplemental Evidence and Defendants' Response to Plaintiff's Notice.

## Background

Plaintiff Breckenridge Pharmaceutical, Inc. ("Breckenridge") develops, markets and sells pharmaceutical products to retailers, wholesalers, distributors, and other purchasers of such products nationwide. Complaint ("Compl.") ¶ 7. On or about July 10, 2008, Breckenridge introduced two new pharmaceutical products, Multigen™ Caplets and Multigen™ Plus Caplets (collectively, the "Multigen™ Products"). These two products compete against Chromagen® Caplets and

Chromagen® Forte Caplets, which are manufactured by defendant KV Pharmaceutical Company ("KV") and marketed by defendant Ther-Rx Corporation ("Ther-Rx"). Compl. ¶ 12. Defendant Albion International, Inc. ("Albion") is the assignee of U.S. Patent No. 6,716,814 entitled "Enhancing Solubility of Iron Amino Acid Chelates and Iron Proteinates" (the "'814 Patent"). Compl. ¶ 9. KV and/or its subsidiary, Ther-Rx, are licensees of the '814 Patent.

On July 17, 2008, Defendants filed a lawsuit against Breckenridge in the United States District Court for the Eastern District of Missouri, Case No. 4:08-cv-01052-JCH (the "Missouri Action"), in which they alleged that Breckenridge's two Multigen™ Products infringe the '814 Patent. These allegations of infringement are based on the presence of ferrous asparto glycinate, succinic acid, and ascorbic acid in the Multigen™ Products. Compl. ¶ 19. Defendants' motion for a temporary restraining order to halt Breckenridge's sale of its Multigen™ Products was denied by the district court, but the case is moving forward on Defendants' motion for a preliminary injunction, with a trial date of January 4, 2010. Compl. ¶ 16.

On August 29, 2008, Breckenridge introduced two new products: Ferrex 150 Plus Capsules and Ferrex 150 Forte Plus Capsules (collectively "Breckenridge's Ferrex Products"). These two new products also compete with products manufactured by KV and marketed by Ther-Rx: Ther-Rx's Niferex® 150 Capsules and Niferex® 150 Forte Capsules. Breckenridge's Ferrex Products, like their Multigen™ Products, contain ferrous asparto glycinate, succinic acid, and ascorbic acid, but in different amounts.

Compl. ¶ 19. Each of the Ther-Rx products with which Breckenridge's Ferrex Products compete has labeling indicating that it is covered, *inter alia*, by the '814 Patent – the very patent on which Defendants herein have already sued Breckenridge in the Missouri Action. Compl. ¶ 20.

On September 1, 2008, Breckenridge initiated the instant action by filing a complaint for declaratory judgment. Breckenridge seeks declarations that the '814 Patent is invalid (Count I), and that Breckenridge's Ferrex Products do not infringe any valid claims of the '814 Patent (Count II). In response, Defendants have moved to dismiss this action under the "first-to-file" rule and under Federal Rule of Civil Procedure 13, or alternatively, to transfer this action to the United States District Court for the Eastern District of Missouri [DE 23].

**Discussion**

Defendants argue this action should be dismissed or transferred because the declaratory judgment claims asserted by Breckenridge are largely identical to the patent infringement and invalidity claims that are currently being litigated in the Missouri Action. The amended complaint in the Missouri Action alleges that:

> Breckenridge is infringing, inducing others to infringe, and/or contributorily infringing, in the United States and in [the Eastern District of Missouri], at least one claim of the '814 patent. Such infringing activities by Breckenridge include making, using, importing, selling, and/or offering to sell products, including, but not limited to, products that are available under the Multigen™ Caplets and Multigen™ Plus Caplets names.

DE 23, Ex. B, ¶ 16. The relief sought in the Missouri Action includes a prayer for

preliminary and permanent injunctive relief to preclude Breckenridge from "making, using, importing, selling, or offering to sell products that fall within the scope of the '814 patent . . . or from engaging in any other acts of infringement of any of the claims of the '814 patent." *Id.* at ¶ F.

On July 18, 2008, Defendants moved the Missouri Court for a temporary restraining order to prevent Breckenridge from continuing to infringe the '814 Patent by proceeding with the sale of Multigen™. That motion was denied. DE 23, Ex. F. Thereafter, the Missouri court entered an Amended Case Management Order, which set a May 22, 2009 discovery cut-off date, a June 29, 2009 *Markman* hearing date and a January 4, 2010 date for jury trial. DE 23, Ex. G. Pursuant to this order, the parties have already propounded and responded to document requests and interrogatories, and served notices of deposition and third party subpoenas.

On September 5, 2008, in response to Defendants' amended complaint in the Missouri Action, Breckenridge filed an answer and counterclaims denying infringement and seeking a declaratory judgment that the '814 Patent was invalid. DE 23, Ex. H, ¶¶ 15-19 at 2-3; ¶¶ 13-18 at 6. On August 29, 2008, approximately one week prior to filing its answer and counterclaims in the Missouri Action, Breckenridge commenced the present action by filing a complaint for declaratory judgment. Like the answer and counterclaims it filed in the Missouri Action, Breckenridge's complaint here seeks a declaratory judgment that the '814 Patent is invalid and is not infringed by its Ferrex Products. Compl. ¶¶ 23-28.

In support of its request for a declaratory judgment in this case, Breckenridge alleges that Ferrex "contain[s] ferrous asparto glycinate, succinic acid, and ascorbic acid, the basis for the allegations of infringement of the '814 Patent in the Prior [Missouri] Litigation." Compl. ¶¶ 14, 19. The Complaint further alleges that "Breckenridge has a reasonable apprehension that Defendants will commence legal action against it based on alleged infringement of the '814 Patent by other products based on the presence of ingredients that are contained in Breckenridge's Ferrex Products." Breckenridge further alleges that "each of [Defendants'] products with which Breckenridge's Ferrex Products compete has labeling indicating that it is covered, *inter alia*, by the '814 Patent. . . ." Compl. ¶¶ 20-21. Indeed, Defendants moved to amend their complaint in the Missouri Action to specifically include the Ferrex Products named in the Complaint here, but the Missouri District Judge denied the motion to amend "because litigation concerning the Ferrex Products currently is underway in Florida, [and] this Court finds it more appropriate to permit the Florida District Court to decide whether to transfer the Ferrex litigation to this Court." DE 33, Ex. 1.

In their motion to dismiss or transfer, Defendants assert that resolution of the instant action will necessarily require this Court to resolve the identical infringement and invalidity issues that are currently pending before the Missouri court, which has already invested substantial time and resources in addressing these matters. "Aside from wasting judicial resources on duplicative litigation, the contemporaneous

pendency of the two actions threatens the parties with the possibility of conflicting *Markman* rulings on claim construction and validity. Since the Missouri Action was filed first and there are special circumstances which justify proceeding in this forum, the Florida Action should be dismissed or, alternatively, transferred to the Missouri Court." DE 23 at 7.

Defendants assert that the "first to file"[1] rule gives the Missouri forum priority over this dispute. Plaintiff responds that the "first to file" rule is inapplicable because the "subject matter" requirement is not satisfied where this action and the Missouri Action do not involve the same allegedly infringing products and additional claims are asserted in the case here. Even if the "first to file" rule is not completely applicable to the circumstances of this case, both actions involve the same parties and the same patent. Such similarities, in conjunction with other factors considered below, persuade the Court that this case should be transferred to Missouri.

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). The standard for transfer under 28 U.S.C. § 1404(a) leaves much

---

[1] It is well established that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. *Van Dusen v. Barrack*, 376 U.S. 612 (1964). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). To determine whether to transfer an action, the Eleventh Circuit has considered: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel*, 430 F.3d at 1135, n.1. Breckenridge agrees with Defendants as to the pertinent factors but disagrees as to their applicability.

**Choice of Forum**

Generally, the plaintiff's choice of forum is given considerable deference. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (plaintiffs' choice

of forum should not be disturbed unless it is clearly outweighed by other considerations). Where two courts have concurrent jurisdiction over substantially similar actions, less deference may be given to a plaintiff who has filed a declaratory judgment in anticipation of litigation. *See Ven-Fuel, Inc. v. Dept. of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (a district court may decline to consider a declaratory judgment action on its merits when a proceeding pending in another court will fully resolve the controversy between the parties); *see also Tiber Laboratories, LLC v. Cypress Pharmaceuticals, Inc.*, 07-CV-0014, 2007 WL 3216625, *3 (N.D. Ga. May 11, 2007); *Martin v. South Carolina Bank*, 811 F. Supp. 679, 686 (M.D. Ga. 1992) (plaintiff's choice of forum "is not a more important factor than the presence of related proceedings in the transferee district"); *Manuel*, 430 F.3d at 1135.

Here, it is undisputed that this action was filed in anticipation of litigation. Plaintiff states in its Complaint that it "has a reasonable apprehension that Defendant will commence legal action against it based on alleged infringement of the '814 Patent by Breckenridge's Ferrex Products, and will seek to bar these products from the marketplace." Compl. ¶ 21. Also, once this Court rules on the instant motion, the district judge in Missouri will consider Defendants' motion to add Breckenridge's Ferrex Products to the Missouri Action.

Because the Florida and Missouri Action involve substantial overlapping factual and legal issues, because the instant case seeks a declaratory judgment, and because

the Missouri Action, when expanded to include the issues presented in this case, will resolve the entire matter, the Court concludes that Plaintiff's choice of forum is entitled to less than normal deference.

**Convenience of the Witnesses and Parties**

Breckenridge contends that the convenience of the witnesses and parties is neutral, and thus does not support a motion to dismiss or transfer. Given the overlap between the infringement and validity issues in the two cases, if this case is not transferred to Missouri, many of the party and non-party witnesses will be required to testify in both Missouri and Florida. This is not conducive to their convenience or consistent with notions of judicial economy or efficiency. This is especially true since "it would be more expeditious to try all claims involving the same parties and issues in the same forum." *Tingley sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp 882, 887 (M.D. Fla. 1993).

**Location of Documents, Ease of Access to Sources of Proof, and Locus of Operative Facts**

The "operative facts" relevant to the validity or invalidity of the patent will involve experts, prior art, facts and documents related to the invention and prosecution of the '814 Patent. Breckenridge contends that the location of documents and relative ease of access to sources of proof favors neither party because the relevant documents and sources of proof are located in several locations. "The facts and documents relevant to infringement or non-infringement by the Ferrex

Products are to be found in Long Island, New York, where the manufacturer of the Ferrex Products performs the method or methods that KV alleges infringe the '814 Patent." DE 25 at 6-7. Other factual evidence pertinent to these issues is located in Utah and Missouri. Technical and damages experts will likely need to testify in both cases, and will likely offer the same or similar testimony in both fora.

As noted above, if the foregoing analysis does not render Florida the favored forum, then Missouri necessarily becomes the favored forum. A case is already proceeding there and will continue to be litigated there. Most, if not all, of the evidence will need to be produced in the Missouri Action, even if this Court retains this case.

**Availability of Processes to Compel Attendance of Unwilling Witnesses and the Forum's Familiarity With the Governing Law**

All parties agree that these two factors are neutral. Both jurisdictions have similar compulsory processes and both are familiar with governing federal law.

**Relative Means of the Parties**

Defendants argue this is a neutral factor which favors neither party. Breckenridge asserts because it is a "somewhat smaller company" than KV and it chose to file this declaratory judgment here, this factor favors a Florida forum. The Court finds that this factor carries no weight or actually works against Breckenridge. Initiating a lawsuit here, while defending a substantially similar one that is proceeding in Missouri, does not support an economical approach to resolving the

issues.  Under Breckenridge's approach to this case, despite its "smaller" size, it wishes to litigate two separate proceedings in two separate jurisdictions, thus incurring more, rather than less, costs and fees.  If Breckenridge is, in fact, a "smaller" company, litigating both cases in one forum makes more economic sense.

**Trial Efficiency and the Interests of Justice**

Here, the dispute involves questions of federal law between the citizens of Missouri and Florida.  The '814 Patent was prosecuted in Utah and Breckenridge's accused products are manufactured in New York and sold throughout the United States.  Given these circumstances, Missouri and Florida have an equal interest in litigating this dispute.  Breckenridge argues that the instant action involves issues concerning the validity, and likely the infringement, of additional claims of the patent, each of which must be addressed separately.  Certainly, judicial efficiency is not promoted by litigating in this Court patent infringement and validity issues that are substantially the same as those that must be resolved in Missouri, regardless of whether this action has a few additional components that must be independently considered.  Breckenridge also complains that if this matter is transferred, "it would then be all but impossible to maintain the aggressive pretrial schedule in that action."  DE 25 at 9.  Defendants respond that "[e]ven if the Missouri Action is delayed somewhat to accommodate discovery relating to Breckenridge's Ferrex Products, this surely is a better, more efficient result than having two federal courts simultaneously conduct substantially similar patent cases and risk duplication as well

as conflicting claim construction, infringement and invalidity rulings." DE 27 at 10. The Court agrees. Moreover, it is the Defendants here who are the Plaintiffs in Missouri and they who are not objecting to any potential delay in the litigation there.

Finally, there is no reason for both courts to devote their limited resources to identical *Markman* hearings and trials on identical infringement and validity issues, even if there will be some additional claims added by the transfer of the instant action.

## Conclusion

This Court has carefully examined the filings in this cause and finds that relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the Eastern District of Missouri. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Missouri is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss [DE 23] is DENIED. The Motion to Transfer is GRANTED [DE 24].

2. Plaintiff's Request for Oral Argument [DE 26] is DENIED.

3. The Clerk of Court is hereby directed to transfer this case to the United States District Court, Eastern District of Missouri. This case is closed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2009.

                                          KENNETH A. MARRA
                                          United States District Judge

copies to:
All counsel of record
Magistrate Judge Linnea R. Johnson